**Case No. 22-4834**

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

———— • ————

SUZANNE MALLOUK, ET AL.,
on behalf of themselves and those similarly situated,
*Plaintiffs-Petitioners,*

v.

AMAZON.COM, INC.,
*Defendant-Respondent.*

————————————

*Appeal from the United States District Court for the Western District of Washington (Seattle),
Case No. 2:23-cv-00852-RSM · Honorable Ricardo S. Martinez, Senior District Judge*

## RESPONDENT'S BRIEF IN OPPOSITION TO PETITION FOR INTERLOCUTORY REVIEW PURSUANT TO FRCP 23(f)

MOEZ M. KABA
SOURABH MISHRA
HUESTON HENNIGAN, LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
mkaba@hueston.com
smishra@hueston.com

ADAM MINCHEW
HUESTON HENNIGAN, LLP
1 Little West 12th Street
New York, NY 10014
Telephone: (646) 930-4046
aminchew@hueston.com

*Attorneys for Defendant-Respondent
Amazon.com, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ............................................................................... 1

STATEMENT OF THE CASE ............................................................ 5

    I.    AMAZON GO STORES AND RELATED
         TECHNOLOGY ........................................................... 5

    II.   PETITIONERS ALLEGEDLY VISIT AMAZON GO
         STORES IN NEW YORK CITY ...................................... 5

    III.  PROCEDURAL HISTORY .............................................. 6

STANDARD OF REVIEW ................................................................ 7

ARGUMENT ...................................................................................... 7

    I.    THE DISTRICT COURT'S DECISION IS NOT
         REVIEWABLE UNDER RULE 23(F) ............................... 8

    II.   THE DISTRICT COURT CORRECTLY HELD THAT
         INDIVIDUAL PRE-SUIT NOTICE IS A
         PREREQUISITE TO STATUTORY STANDING
         UNDER THE NYC LAW ............................................. 11

         A.   The Law's Plain Language Requires Each Person
              to Provide Their Own Pre-Suit Notice .................................. 14

         B.   The New York City Legislature Intended for Each
              Person to Provide Their Own Individual Notice .................. 16

    III.  THE DISTRICT COURT'S DECISION DOES NOT
         THREATEN THE VIABILITY OF PETITIONERS'
         CLAIMS. ................................................................... 19

CONCLUSION ................................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bates v. Bankers Life & Cas. Co.*,
    993 F. Supp. 2d 1318 (D. Or. 2014) ........................................................ 9

*Bates v. Bankers Life & Casualty Co.*,
    848 F.3d 1236 (9th Cir. 2017).......................................................... 9, 11

*Bldg. a Better N.Y. Comm. v. N.Y. State Comm'n.*,
    525 N.Y.S.2d 488 (Sup. Ct. 1988) ...................................................... 12

*CGC Holding Co. v. Broad & Cassel*,
    773 F.3d 1076 (10th Cir. 2014)............................................................. 9

*Chamberlan v. Ford Motor Co.*,
    402 F.3d 952 (9th Cir. 2005).................................................. 5, 7, 11, 12

*Chevron USA, Inc. v. Vermilion Par. Sch. Bd.*,
    377 F.3d 459 (5th Cir. 2004)........................................................... 4, 15

*N. Mariana Islands v. Canadian Imperial Bank of Commerce*,
    21 N.Y.3d 55 (2013) ........................................................................... 16

*Davito v. AmTrust Bank*,
    743 F. Supp. 2d 114 (E.D.N.Y. 2010) ................................................. 15

*Easley v. N.Y. State Thruway Auth.*,
    1 N.Y.2d 374 (1956) ........................................................................... 16

*Gessele v. Jack in the Box, Inc.*,
    2023 WL 2707364 (D. Or. Mar. 30, 2023)........................................... 17

*Giblin v. Nassau Cnty. Med. Ctr.*,
    61 N.Y.2d 67 (1984) ........................................................................... 13

*Hallstrom v. Tillamook Cnty.*,
    493 U.S. 20 (1989) .............................................................................. 13

*Hanna v. Plumer*,
  380 U.S. 460 (1965) ........................................................................ 13

*Histon v. Hearn Dep't Stores, Inc.*,
  188 N.Y.S.2d 270 (1st Dept. 1959) ............................................. 14, 15

*In re Household Int'l Tax Reduction Plan*,
  441 F.3d 500 (7th Cir. 2006) .......................................................... 17

*In re Lorazepam & Clorazepate Antitrust Litig.*,
  289 F.3d 98 (D.C. Cir. 2002) ...................................................... 4, 10

*Johnson v. W. Suburban Bank*,
  225 F.3d 366 (3d Cir. 2000) ........................................................... 20

*Leyva v. Medline Industries Inc.*,
  716 F.3d 510 (9th Cir. 2013) ........................................................... 20

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  572 U.S. 118 (2014) ........................................................................ 12

*Mallouk v. Amazon.com, Inc.*,
  2024 WL 3511015 (W.D. Wash. July 23, 2024) ........................ Passim

*Patrolmen's Benev. Ass'n of City of N.Y. v. City of N.Y.*,
  41 N.Y.2d 205 (1976) ..................................................................... 14

*Paulino v. Conopco, Inc.*,
  2015 WL 4895234 (E.D.N.Y. Aug 17, 2015) ................................. 17

*Ragan v. Merchants Transfer & Warehouse Co.*,
  337 U.S. 530 (1949) .................................................................... 5, 18

*Ruiz Torres v. Mercer Canyons Inc.*,
  835 F.3d 1125 (9th Cir. 2016) .................................................. 3, 8, 9

*Shulman v. Kaplan*,
  58 F.4th 404 (9th Cir. 2023) ........................................................... 12

*Skaar v. McDonough*,
 48 F.4th 1323 (Fed. Cir. 2022) ................................................................. 17

*Sperry v. Crompton Corp.*,
 8 N.Y.3d 204 (2007) ......................................................... 16, 17, 18, 20

*Stillmock v. Weis Markets, Inc.*,
 385 F. App'x 267 (4th Cir. 2010) ............................................................. 20

*Stockwell v. City & Cnty. of San Francisco*,
 749 F.3d 1107 (9th Cir. 2014) ..................................................................... 8

*Van v. LLR, Inc.*,
 61 F.4th 1053 (9th Cir. 2023) .............................................................. 3, 9

*Washington Trout v. McCain Foods, Inc.*,
 45 F.3d 1351 (9th Cir. 1995) ..................................................................... 15

*Williams v. Chesapeake Louisiana, Inc.*,
 2011 WL 1868750 (W.D. La. May 13, 2011) ...................................... 15

*Wood v. GCC Bend, LLC*,
 422 F.3d 873 (9th Cir. 2005) ..................................................................... 11

*Zyburo v. Cont'l Cas. Co.*,
 60 F. Supp. 3d 531 (S.D.N.Y. 2014) ........................................... 13, 19

**Statutes**

28 U.S.C. § 1292(b) ....................................................................................... 11

NYC Admin. Code § 22-1203 .............................................................. Passim

NYC Admin. Code § 22-1202(a) ........................................................... 1, 15

NYC Admin. Code § 26-3006 ...................................................................... 18

NY UCC §§ 2-714, 2-715 ............................................................................. 16

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Respondent Amazon.com, Inc. states that it has no parent corporation nor does any publicly held company own 10% or more of its stock.

## INTRODUCTION

Petitioners' 23(f) Petition should be denied for two independent reasons. *First*, the District Court ruling that Petitioners seek to appeal—i.e., that Plaintiff Dhawan and putative class members lack statutory standing to sue—did not implicate Rule 23's class certification standards, which is a prerequisite to obtaining interlocutory review under Rule 23(f). *Second*, even if the Petition were procedurally proper, the District Court correctly interpreted the New York City law and dismissed the relevant claims as a result. There is no manifest error in the District Court's analysis that would justify granting Rule 23(f) review.

In December 2020, the New York City Council enacted a law requiring commercial establishments in New York City that collect "biometric identifier information" to post signs at store entrances notifying customers of the biometric collection activity. NYC Admin. Code § 22-1202(a) (the "NYC Law"). Those "aggrieved" by the absence of appropriate signage may pursue relief subject to certain substantive limitations. *Id.* § 22-1203. Specifically, an aggrieved person may only "commence an action … *on his or her own behalf*" if, "[a]t least 30 days prior to initiating" such an action, the aggrieved person "provide[d] written notice … setting forth *such person's* allegation." *Id*. (emphases added). Moreover, the specific aggrieved person may file suit *only if* the establishment fails to cure the

alleged violation within 30 days of the written notice. *Id*. Otherwise, "no action may be initiated." *Id.*

The Amazon Go stores in New York City include two separate technologies: (1) the Just Walk Out technology ("JWO Technology"), which allows customers to enter a store, select items, and be billed automatically when they walk out, without visiting a cashier; and (2) the Amazon One palm scanner, which is one of several methods customers can elect to use to enter an Amazon Go store and provide a payment method. Prior to using either technology, consumers must agree to terms and conditions that disclose, among other things, the technologies to be used and the information to be collected. Consistent with the NYC Law, Amazon discloses to customers through compliant signage that Amazon One palm scanners collect and use biometric identifier information. Because the JWO Technology does not collect or use biometric identifier information under the NYC Law, the signs truthfully disclose that customers' biometric information will not be collected or used if they do not elect to use the Amazon One palm scanner.

Petitioners are New York City residents that allegedly visited Amazon Go stores in New York City. They claim that Amazon violated Section 22-1202(a) because Amazon allegedly collected and used their biometric identifier information without compliant signage. After first filing claims in the Southern District of New York, Petitioners voluntarily dismissed their claims without prejudice after Amazon

moved to dismiss in the Southern District.  Petitioners then re-filed the *same claims* in the Western District of Washington.  Petitioners' operative complaint is their *fourth* between the two federal fora.

In its July 23, 2024 decision and order on Amazon's 12(b)(6) motion to dismiss, the District Court held that pre-suit notice is an express condition precedent to an individual's right to sue and to recover statutory penalties under the NYC Law. Because named Plaintiff Dhawan and the putative class members did not provide the requisite pre-suit notice, the court held that their claims must be dismissed for lack of statutory standing. *Mallouk v. Amazon.com, Inc.*, 2024 WL 3511015, at *4 (W.D. Wash. July 23, 2024).  The court permitted Petitioners Mallouk, Rodriguez Perez, and Novolt to proceed with their claims because they provided the statutorily required pre-suit notice.  *Id.*  This Petition followed.  It fails because Petitioners cannot satisfy Rule 23(f)'s demanding standard.

*First*, the Petition improperly seeks interlocutory review of a decision on the merits unrelated to Rule 23 class certification issues.  This Court "consider[s] merits questions at the class certification stage *only* to the extent they are relevant to whether Rule 23 requirements have been met."  *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016) (emphasis added).  And it has consistently "rejected litigants' attempts to slip [merits] rulings into a Rule 23(f) appeal through the backdoor."  *Van v. LLR, Inc.*, 61 F.4th 1053, 1070 (9th Cir. 2023) (Christen, J.,

concurring) (citing cases). Petitioners' improper attempt to recast a dismissal for failure to state a claim—one that applied equally to Plaintiff Dhawan and the putative class members—into a dismissal relating to Rule 23 class certification should be rejected. *See, e.g.*, *In re Lorazepam & Clorazepate Antitrust Litig.*, 289 F.3d 98, 107 (D.C. Cir. 2002) ("effort to recast … Rule 12(b)(6) arguments as a challenge to class certification on the ground that a class of direct purchasers lacks antitrust standing" inconsistent with Rule 23(f)).

*Second*, even if this Court were to consider the merits of the Petition, the District Court's holding that the NYC Law requires individualized pre-suit notice was correct under the plain language of the statute and far from the "manifest error" required to grant a Rule 23(f) petition. The NYC Law provides that "[a] person who is aggrieved" may only "commence" suit "*on his or her own behalf*". NYC Admin. Code § 22-1203 (emphasis added). And the law requires each individual to provide "written notice," and wait through the cure period, prior to "initiating any action." *Id*. ("[N]o action may be initiated" if the establishment "cures the violation" within 30 days of such notice). This pre-suit notice and cure period is "incompatible with allowing notice to be given on a class basis, rather than by each individual." *Chevron USA, Inc. v. Vermilion Par. Sch. Bd.*, 377 F.3d 459, 464 (5th Cir. 2004). Because such conditions precedent are substantive requirements that federal courts must enforce, and neither Plaintiff Dhawan nor the putative class members provided their

own notice, the District Court's Order was correct on the merits. *See Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949) ("principle of *Erie R. Co. v. Tompkins* is transgressed" when federal court ignores substantive limitations in local law); *see also Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005) (per curiam).

## STATEMENT OF THE CASE

### I.    AMAZON GO STORES AND RELATED TECHNOLOGY

Amazon operates "Amazon Go" stores in New York City, which are equipped with Amazon's "Just Walk Out" technology.  The JWO Technology enables customers to enter a store, pick out the items they want, and leave "without checking out with a cashier or scanning goods at registers."  (ECF No. 42 (First Amended Complaint or "FAC") ¶¶ 68-69.)  Customers have three options to provide a payment method and enter the gated area of an Amazon Go store:  (1) a QR code in their Amazon mobile application, (2) a credit card linked to an Amazon account, and (3) "Amazon One"—an optional service requiring separate enrollment that allows customers to link their palmprints to their credit card and "to enter the store simply by hovering their palm over a scanner."  (*Id.* ¶¶ 74-78.)

### II.   PETITIONERS ALLEGEDLY VISIT AMAZON GO STORES IN NEW YORK CITY

Petitioners claim that "Amazon failed to post any signs at the entrances of any Amazon Go stores in New York City" for approximately two months after the NYC

- 5 -

Law went into effect in January 2023. (*Id.* ¶ 16.) Each named plaintiff claims to be aggrieved and entitled to damages because they allegedly visited an Amazon Go store during this period. (*Id.* ¶¶ 123-124, 135-136, 146-148, 153-155.) But while Mallouk, Rodriguez Perez, and Novolt each allegedly provided Amazon with written notice of purported violations of subsection (a) of the NYC Law, Dhawan does not allege he provided pre-suit notice. (*See id.* ¶¶ 17, 23-24.) Nor do Petitioners allege that any putative class member in the so-called "Signage Class" provided the requisite pre-suit notice. (*See id.* ¶ 194.)

## III. PROCEDURAL HISTORY

The First Amended Complaint is counsel's *fifth* attempt to allege violations of the NYC Law. Given Petitioners' shifting allegations and jurisdictions, Amazon has had to file three motions to dismiss, the third of which was granted in part.

On June 7, 2023—one day after dismissing claims in the Southern District of New York—Rodriguez Perez, Mallouk, and Dhawan filed a putative class action complaint against Amazon and Starbucks in the Western District of Washington. (ECF No. 1.) Defendants moved to dismiss the complaint (ECF No. 33), and Petitioners filed the operative First Amended Complaint (ECF No. 42). Amazon and Starbucks renewed their motions to dismiss the FAC on October 6, 2023. (ECF No. 45.)

By order dated July 23, 2024, the District Court granted in part and denied in part defendants' motions to dismiss. *Mallouk v. Amazon.com, Inc.*, 2024 WL 3511015 (W.D. Wash. July 23, 2024). Among other things, the District Court dismissed Petitioners' claims under subsection (b) of the NYC Law; dismissed Starbucks as a defendant; and held that only persons who provide the requisite pre-suit notice may sue for alleged violations of subsection (a) of the NYC Law. *Id.* at *4-6.

## STANDARD OF REVIEW

As this Court has explained, "petitions for Rule 23(f) review should be granted sparingly" and are "the exception rather than the rule" because they "add to the heavy workload of the appellate courts, require consideration of issues that may become moot, and undermine the district court's ability to manage the class action." *Chamberlan*, 402 F.3d at 959-60.

## ARGUMENT

The District Court's decision is not reviewable under Rule 23(f) because it dismissed Plaintiff Dhawan's and the putative class members' claims for lack of statutory standing. The District Court's dismissal was a merits decision, not a decision regarding Rule 23's class certification requirements. Even if the decision were reviewable, far from being "manifestly erroneous," as Petitioners contend, the District Court correctly concluded that the Law's "overall purpose is to limit

statutory damages to plaintiffs who fully comply with statutory" pre-suit notice requirements. *Mallouk*, 2024 WL 3511015, at *4. As a result, the Law "clearly … limit[s] recovery for no proper signage to plaintiffs who comply with the pre-suit notice." *Id.* Because the District Court's decision is consistent with the plain language and structure of the NYC Law, review under Rule 23(f) is unwarranted.

## I. THE DISTRICT COURT'S DECISION IS NOT REVIEWABLE UNDER RULE 23(f)

Petitioners claim that Rule 23(f) permits them to seek this Court's review of the District Court's decision to dismiss certain claims because Plaintiff Dhawan and the putative class members lacked statutory standing. (Petition at 9.) Petitioners are wrong. Not every dismissal of class allegations on a motion to dismiss is within Rule 23(f)'s purview. Indeed, this Court "consider[s] merits questions at the class certification stage *only* to the extent they are relevant to whether Rule 23 requirements have been met." *Ruiz Torres*, 835 F.3d at 1133 (emphasis added); *see also Stockwell v. City & Cnty. of San Francisco*, 749 F.3d 1107, 1113 (9th Cir. 2014) ("[T]he exception to the final judgment rule created by Rule 23(f) applies *only* to class certification decisions …. We must police the bounds of our jurisdiction vigorously here as elsewhere, and so may not ourselves venture into merits issues unnecessary to the Rule 23 issue before us." (citation omitted)).

Petitioners are correct that in *Bates v. Bankers Life & Casualty Co.*, this Court suggested that dismissal of putative class members' claims may be the "functional

- 8 -

equivalent of denying a motion to certify" those claims as a class action. 848 F.3d 1236, 1238 (9th Cir. 2017) (per curiam). But in *Bates*, the district court expressly applied Rule 23's requirements, holding "that even with class discovery [p]laintiffs would not be able to satisfy either the typicality requirement under Federal Rule of Civil Procedure 23(a)(3) or any of the subdivisions under Rule 23(b) to maintain a class action." *Id.* at 1237 (citing *Bates v. Bankers Life & Cas. Co.*, 993 F. Supp. 2d 1318, 1339-43 (D. Or. 2014)). Such a decision is, therefore, the "functional equivalent" of a decision denying a motion to certify that may be reviewed under Rule 23(f) because it is plainly "relevant to whether Rule 23 requirements have been met." *Ruiz Torres*, 835 F.3d at 1133.

By contrast, this Court has consistently "rejected litigants' attempts to slip [merits] rulings into a Rule 23(f) appeal through the backdoor." *Van*, 61 F.4th at 1070 (Christen, J., concurring); *see also CGC Holding Co. v. Broad & Cassel*, 773 F.3d 1076, 1098 (10th Cir. 2014) (Rule 23 "does not permit a party to shoehorn every decision that went against it into its petition for interlocutory review"). That is why in *Ruiz Torres* this Court declined to consider defendant's argument that the district court abused its discretion in certifying a class based on its purported "misinterpreting the substantive law governing plaintiffs' claims." 835 F.3d at 1133 ("To resolve this question at the class certification stage would provide [defendant]

the sort of interlocutory review of the summary judgment order that the district court had declined to certify.").

The D.C. Circuit's opinion in *In re Lorazepam* is also instructive. There, petitioners tried to "recast" a Rule 12(b)(6) ruling, which found a class of absent plaintiffs lacked standing, "as a challenge to class certification." 289 F.3d at 107. The D.C. Circuit rejected this tactic, holding that "review of such issues would expand Rule 23(f) interlocutory review to include review of any question raised in a motion to dismiss that may potentially dispose of a lawsuit as to the class as a whole." *Id.*

As in *In re Lorazepam*, the District Court's order here does not implicate Rule 23's requirements, and no party made any arguments concerning Rule 23 below. Instead, the District Court interpreted the NYC Law to hold that Plaintiff Dhawan and the putative class members lacked statutory standing to pursue their claim "for failure to comply with the pre-suit notice requirement." *Mallouk*, 2024 WL 3511015, at *4. That the District Court's reasoning applied equally to Plaintiff Dhawan and the putative class members only underscores that this is a merits ruling—not a ruling "granting or denying class-action certification"—and Rule 23(f) therefore does not

permit Petitioners to seek interlocutory review. Fed. R. Civ. P. 23(f); *see also Bates*,

848 F.3d at 1238-39.[1]

## II. THE DISTRICT COURT CORRECTLY HELD THAT INDIVIDUAL PRE-SUIT NOTICE IS A PREREQUISITE TO STATUTORY STANDING UNDER THE NYC LAW.

Even if Rule 23(f) was the appropriate vehicle for Petitioners to seek review,

this is not a case in which review should be granted. Petitioners argue that this Court

should take the rare step of intervening now because the District Court's order was

"manifestly erroneous." (Petition at 10.) Though "manifest error" is one basis for

23(f) review, Petitioners do not meet the high standard for such review here.

To be manifestly erroneous, this Court requires that a petitioner show that the

below order is "*virtually certain* to be reversed on appeal from the final judgment."

*Chamberlan*, 402 F.3d at 962 (emphasis added). Examples identified by this Court

---

[1] On August 13, 2024—one week *after* filing this Petition—Plaintiffs moved the District Court for entry of final judgment under Rule 54(b) and for certification under 28 U.S.C. § 1292(b). Specifically, Plaintiffs seek § 1292(b) certification of the District Court's "dismissal of the putative class members for failing to give pre-suit notice." (ECF No. 69 at 10.) Plaintiffs also moved for a stay of all proceedings pending a decision on these motions. (ECF No. 84.) As Defendants will explain in its briefs before the District Court, Plaintiffs are not entitled to the relief they seek. Nevertheless, this Court's denial of this improper Rule 23(f) Petition furthers the "interests and sound judicial administration" by permitting Plaintiffs' motions to be decided by the District Court in the ordinary course. *Cf. Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005) ("Absent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals.").

include where "the district court applies an incorrect Rule 23 standard or ignores a directly controlling case." *Id.*

Petitioners here do not identify any incorrect application of Rule 23, nor argue that the District Court "ignores a directly controlling case." *Id.* at 962. Under *Chamberlan*, this Court should deny review on that basis alone. *Id.* ("difficult to show that a class certification order is manifestly erroneous" without one of these two arguments). But even if this Court were to examine the District Court's dismissal of Petitioners' allegations, Petitioners have not met their heavy burden to show that the dismissal is "virtually certain" to be reversed. *Id.*

The District Court correctly held that the NYC Law requires each plaintiff to provide pre-suit notice and an opportunity to cure before they have statutory standing to sue. It therefore dismissed Plaintiff Dhawan's and the putative class members' claims under the NYC Law for failure to comply with those conditions precedent. *Mallouk*, 2024 WL 3511015, at *4. In contrast to Article III standing, which is jurisdictional in nature, statutory standing is a substantive requirement for a plaintiff to "ha[ve] a cause of action under the statute." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014); *accord Shulman v. Kaplan*, 58 F.4th 404, 410 (9th Cir. 2023) (affirming dismissal for failure to state a claim because plaintiffs lacked "statutory standing" to sue under federal RICO statute); *Bldg. a Better N.Y. Comm. v. N.Y. State Comm'n*, 525 N.Y.S.2d 488, 491 (Sup. Ct.

1988) (committee lacked "statutory standing" to sue under New York state law that limited private right of action to aggrieved "natural person[s]").[2]

Ordinary principles of statutory construction support the District Court's holding that the NYC Law requires *each* plaintiff, including putative class members, to serve an individual notice prior to suing on and limited to "his or her own behalf." NYC Admin. Code § 22-1203.

There is no dispute that the NYC Law contains conditions precedent to filing suit for an alleged violation of Section 1202(a). *See id.* (pre-suit notice and an opportunity to cure is "required for actions" under Section 1202(a) but not Section 1202(b)); Petition at 2 ("The law requires that a consumer must provide notice 30 days prior to initiating a suit." (cleaned up)); *see also Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 20 (1989) ("notice provision is a mandatory, not optional, condition precedent for suit"); *Giblin v. Nassau Cnty. Med. Ctr.*, 61 N.Y.2d 67, 73-74 (1984) (statutory pre-suit notice and 30-day cure period are "conditions precedent to suit"). Instead, the parties dispute whether, as the District Court correctly found, each plaintiff must provide their *own individual notice* or whether the NYC Law allows

---

[2] Petitioners may argue that statutory standing requirements that preclude a class action are irrelevant because the availability of class actions is a procedural, not substantive, issue. Not so. Statutory standing requirements in state statutes are substantive requirements "entitled to *Erie* deference." *Zyburo v. Cont'l Cas. Co.*, 60 F. Supp. 3d 531, 535 (S.D.N.Y. 2014); *see also Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (federal courts sitting in diversity must "apply state substantive law and federal procedural law").

one plaintiff to effectively provide notice for a group of unnamed plaintiffs (i.e., a putative class).

"[W]here the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used." *Patrolmen's Benev. Ass'n of City of N.Y. v. City of N.Y.*, 41 N.Y.2d 205, 208 (1976).  Moreover, "[i]t is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature." *Id.*  Here, both the plain meaning of the words of the NYC Law and legislative intent support the District Court's conclusion that Petitioners challenge.

## A. The Law's Plain Language Requires Each Person to Provide Their Own Pre-Suit Notice

Section 22-1203 permits a "person who is aggrieved" to "commence an action in a court of competent jurisdiction *on his or her own behalf*."  NYC Admin. Code § 22-1203 (emphasis added).  The plain words of the statute thus expressly prevent a plaintiff from bringing claims on behalf of *other persons*.  *Cf. Histon v. Hearn Dep't Stores, Inc.*, 188 N.Y.S.2d 270, 271 (1st Dept. 1959) (noting that when "[e]ach plaintiff sues on his or her own behalf," that is "not a class action").

Consistent with this limitation, Section 22-1203 contains a condition precedent to suit that *requires* each "aggrieved person [to] provide written notice to the commercial establishment setting forth such person's allegation."  Only *after* providing the commercial establishment 30 days to respond and *if* the commercial

establishment "continues to violate subdivision a of section 22-1202" can "the aggrieved person [] initiate an action against such establishment." *Id.* These requirements, "read as a whole, compel the conclusion that the notice and response system described above is incompatible with allowing notice to be given on a class basis, rather than by each individual." *Chevron*, 377 F.3d at 464.

The NYC Law does not contain any language permitting *other aggrieved persons* to enjoy the benefit of the initiating party's pre-suit notice. Indeed, courts routinely hold that one person cannot overcome a mandatory pre-suit notice requirement by pointing to a *different* person's pre-suit notice. *See, e.g.*, *Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1352-55 (9th Cir. 1995) (notice by one person insufficient to fulfill pre-suit notice requirement for other plaintiffs even if they all had the same complaints); *Williams v. Chesapeake Louisiana, Inc.*, 2011 WL 1868750, at *3 (W.D. La. May 13, 2011) ("Plaintiff's Notice Letter is insufficient to satisfy the notice requirement of Article 137 with respect to the putative plaintiff class members."); *Davito v. AmTrust Bank*, 743 F. Supp. 2d 114, 117 (E.D.N.Y. 2010) (striking class allegations because "only plaintiffs [who] have exhausted their claims" have standing).[3]

---

[3] As before the District Court, Petitioners' sole textual argument is that the term "initiate" cabins the pre-suit requirement to just the named plaintiff who *files* the suit, not all putative class members on whose behalf Petitioners seek to assert claims under the NYC Law. (Petition at 11-16.) This argument ignores the plain text of

In sum, the only cause of action contemplated by the NYC Law is an individual one, and only after the notice and response period has been provided by the individual plaintiff. Since Plaintiff Dhawan and the putative class members did not satisfy the conditions precedent to assert a claim under the NYC Law, the District Court did not manifestly err in dismissing their claims.

### B. The New York City Legislature Intended for Each Person to Provide Their Own Individual Notice

New York courts also examine the "context" in which a legislature drafted the statute to determine "legislative intent." *N. Mariana Islands v. Canadian Imperial Bank of Commerce*, 21 N.Y.3d 55, 62 (2013). By examining such context, courts can determine why the legislature included specific language in a statute. *Cf. id.* Under New York law, "[l]egislatures are presumed to know what statutes are on the books." *Easley v. N.Y. State Thruway Auth.*, 1 N.Y.2d 374, 379 (1956).

With respect to class actions, New York legislatures are presumed to be aware of New York's procedural prohibition on class actions for claims brought under statutes with statutory damages, like the NYC Law.[4] *See Sperry v. Crompton Corp.*,

_____

Section 22-1203: "[a] person who is aggrieved" can only "commence" an action "on his or her own behalf" after providing notice and an opportunity to cure. NYC Admin. Code § 22-1202.

[4] Ignoring this unique New York statutory requirement, Petitioners cite numerous

8 N.Y.3d 204, 214 (2007) ("Clearly, the Legislature was aware of the requirement of making express provision for a class action when drafting penalty statutes …."). New York law provides that a legislature must "specifically authorize[] the recovery [] in a class action" for any statute that imposes a "minimum measure of recovery." N.Y. C.P.L.R. § 901. Though this procedural rule is inapplicable in federal court, New York legislatures draft statutes *knowing* that they must "decide whether class action suits are an appropriate vehicle for the award." *Sperry*, 8 N.Y.3d at 214. New York legislatures therefore decide *how* to "incentivize plaintiffs to sue when the economic benefit would otherwise be too small, particularly when taking into account the court costs and attorneys' fees typically incurred." *Id.* at 213. *Compare*

---

non-New York statutes and cases that "do not require absent class members to personally satisfy notice." (Petition at 13-14.) *See, e.g., Gessele v. Jack in the Box, Inc*., 2023 WL 2707364, at *13 (D. Or. Mar. 30, 2023) ("New York law specifically limits the ability of class-action plaintiffs to obtain statutory damages"). The only New York case Petitioners cite—(Petition at 14 (citing *Paulino v. Conopco, Inc.*, 2015 WL 4895234, at *2 (E.D.N.Y. Aug 17, 2015))—involves the New York UCC, which does not have a minimum measure of recovery nor a cure period. NY UCC §§ 2-714, 2-715 (no minimum penalty); *id.* § 2-607 (no statutory cure period).

And unlike Title VII and ERISA, which by their terms do not require absent class members to exhaust administrative remedies before they may be represented in a class, "exhaustion is required [before bringing suit] in social security class action cases" because of "the wording of the exhaustion provision in the social security statute." *In re Household Int'l Tax Reduction Plan*, 441 F.3d 500, 501 (7th Cir. 2006); *see also, e.g., Skaar v. McDonough*, 48 F.4th 1323, 1333 (Fed. Cir. 2022) ("the Veterans Court exceeds its jurisdiction when it certifies a class to include, as it did here, veterans who have not yet filed a claim … and veterans who have not received a Board decision").

NYC Admin Code § 22-1203 (permitting suit by an "aggrieved person . . . on his or her own behalf" with notice and opportunity to cure as express condition precedent to suit), *with id.* § 26-3006 (permitting a residential occupant "or a *group* of such occupants" to bring suit regarding biometric identifier information collection, with no notice or opportunity to cure requirement (emphasis added)).

Here, as discussed above, the NYC Council repeatedly cabined claims to *individual* persons, requiring each to provide their own pre-suit notice.[5] NYC Admin. Code § 22-1203 ("on his or her own behalf"; "aggrieved person shall provide written notice"; "the aggrieved person may initiate an action"). The NYC Council thus made the decision to add *substantive*, not procedural, conditions precedent that limit the ability to sue in "any court of competent jurisdiction"—whether state *or* federal court.[6] *Cf. Ragan*, 337 U.S. at 533 ("Since th[e] cause of action is created by local law, the measure of it is to be found only in local law …. Where local law qualifies or abridges it, the federal court must follow suit."). New York federal

[5] Petitioners argue that it is not logical for the NYC Council to require each putative class member to provide their own, individual notice. (Petition at 13.) But that was a judgment for the NYC Council—not Petitioners—to make and not one for the District Court to second guess. *See Sperry*, 8 N.Y.3d at 213 (legislatures decide how to create "sufficient economic encouragement to institute actions").

[6] Petitioners' concession that the NYC Council knew that a plaintiff could try to bring a NYC law claim "in federal court under Rule 23" (Petition at 16) explains why the NYC Council intentionally included individualized notice as a substantive pre-suit condition precedent: doing so ensured that claims were brought on an individual basis in *either* federal or state court.

courts routinely apply conditions precedent in New York State statutes to dismiss claims. *See, e.g.*, *Zyburo*, 60 F. Supp. 3d at 535 (granting motion to dismiss for failure to comply with condition precedent because "[f]inding otherwise would essentially create a federal cause of action that does not exist under state law, contrary to the principles of *Erie*" (citation omitted)).

In sum, the context in which the NYC Council passed the NYC Law makes certain that the NYC Law's pre-suit condition precedent limits claims to individuals such that one person's notice cannot be attributed to another. The District Court correctly applied this substantive limitation to Petitioners' state law claim.

## III. THE DISTRICT COURT'S DECISION DOES NOT THREATEN THE VIABILITY OF PETITIONERS' CLAIMS.

Relying on inapposite caselaw, Petitioners contend that without a class action, "it will be difficult for the named plaintiffs to continue to pursue" their claims. (Petition at 17.) They assert that the "cost of this litigation, including experts, will far exceed" the $500 in statutory damages provided for under subsection (a). (*Id.*) Petitioners ignore, however, that the NYC Council authorized a prevailing party to recover their "reasonable attorneys' fees and costs, *including expert witness fees and other litigation expenses*." NYC Admin. Code § 22-1203 (emphasis added). The New York City Council provided for this expansive remedy precisely to provide sufficient economic incentive to plaintiffs and attorneys to bring claims, despite the relatively small statutory damages authorized. *Cf. Johnson v. W. Suburban Bank*,

225 F.3d 366, 374 (3d Cir. 2000) (holding that an arbitration clause that prohibited class actions would not "necessarily choke off the supply of lawyers willing to pursue claims on behalf of debtors" because attorneys' fees are recoverable under the TILA and "would therefore appear to be recoverable in arbitration"). Thus, while the Council required individualized action, upon prevailing, an aggrieved person could seek reasonable attorneys and expert fees and "other" expenses.

Petitioners' authorities are inapposite. In *Leyva v. Medline Industries Inc.*, this Court concluded that a class action under California's Labor Code satisfied Rule 23's superiority requirement because without a class action some class members might not be able to afford to vindicate their rights given the costs of individual litigation. 716 F.3d 510, 515 (9th Cir. 2013); *see also Stillmock v. Weis Markets, Inc.*, 385 F. App'x 267, 274 (4th Cir. 2010) (similar). But the question before the District Court here was not whether Rule 23's class action mechanism was *superior* to other procedures. It was whether Plaintiff Dhawan and the putative class members had statutory standing to sue. The District Court correctly concluded they did not. New York courts routinely hold that relief under New York laws providing for statutory damages, together with attorneys' fees and costs, provide ample "economic incentive to pursue a claim." *Sperry*, 8 N.Y.3d at 211, 213 ("class actions are designed in large part to incentivize plaintiffs to sue *when the economic benefit*

*would otherwise be too small*, particularly when taking into account the court costs and attorneys' fees typically incurred" (emphasis added)).

## CONCLUSION

Petitioners' efforts to squeeze their merits' disagreement into the narrow path that Rule 23(f) provides should be rejected by this Court. Even if the Court considers the Petition procedurally proper, Petitioners cannot satisfy Rule 23(f)'s standard for interlocutory review because the District Court's order was not "manifestly erroneous." Accordingly, this Court should deny the Petition.

Dated: August 16, 2024

Respectfully submitted,

By: s/ Moez M. Kaba

Moez M. Kaba
**HUESTON HENNIGAN LLP**
Moez M. Kaba (CA Bar No. 257456)
Sourabh Mishra (CA Bar No. 305185)
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340

Adam F. Minchew (NY Bar No. 5661808)
1 Little West 12th Street
New York, NY 10014
Telephone: (646) 930-4046

*Attorneys for Defendant-Respondent Amazon.com, Inc.*

## CERTIFICATE OF COMPLAINCE

This responsive brief complies with the page-volume limitations set forth in Ninth Circuit Local Rule 5-2(b) and 32-3 because it contains 5,137 words. This responsive brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

<div align="right">

 s/ Moez M. Kaba
Moez M. Kaba

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I electronically filed the foregoing response with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that all participants in the case are registered CM/ECF and/or ACMS users and that service will be accomplished by the CM/ECF and/or ACMS systems. All counsel consented in writing to electronic service via email.

                                         s/ Moez M. Kaba       
                                       Moez M. Kaba